**No. 50898.**—Protest 87684–K of B. R. Anderson & Co. (Seattle).

Opinion by TILSON, J.   At the trial a sample of the merchandise was admitted in evidence as exhibit 1.   From the testimony of plaintiff's witness it appeared that the imported merchandise is a hand saw; that it is of tubular construction in the frame, is adjustable to any length of hacksaw blade, has an excellently designed handle for a mechanic and a wonderful balance; that in this case there was a complete assemblage, less the blade; and that by a complete assemblage he meant the frame, the handle, and the adjusting bolts with which the blade is held.   Upon the evidence it was held that the imported merchandise is nothing more than hacksaw frames, i. e., parts of hacksaws.   Since neither paragraph 340 nor T. D. 47785 makes any provision for parts of saws of any kind, all claims of the plaintiff were overruled.

**No. 50899.**—Protests 1531–K, etc., of Empire Glove Co., Inc., et al. (New York).

Opinion by TILSON, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, FEBRUARY 20, 1946

**No. 50900.**—Protest 53436–K of Fashion Park, Inc. (Rochester).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries.   The protest was sustained to this extent.

**No. 50901.**—Protests 56703–K, etc., of A. W. Fenton Co., Inc. (Cleveland).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the

invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50902.**—Protests 57712–K (A), etc., of Beckerman & Co. et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 50903.**—Protest 118592–K of Luckenbach Steamship Co., Inc. (New York).

Opinion by EKWALL, J. An examination of the record failing to disclose anything to overcome the presumption of correctness attaching to the collector's action, the protest was overruled.

**No. 50904.**—Protests 54080–K, etc., of Akis Chemical Corp. et al. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50905.**—Petition 6429–R of Jack Schaefer, Inc. (Los Angeles).

Opinion by EKWALL, J. The president of the importing corporation testified that he gave his customs broker who made the entry all the information he had as to the value of the merchandise and that he knew of no other value at the time of entry. It further appeared from the official papers that the customs broker requested information from the customs officials concerning the value but that the appraiser's reply was "No current information." From the evidence it was found that there was no intention to defraud the Government or to deceive its officials. The petition was therefore granted.

FEBRUARY 25, 1946

**No. 50906.**—SUIT 4499.— *Adolphe Hurst & Co., Inc.* v. *United States.* C. D. 897 reversed January 4, 1946. C. A. D. 322.

**No. 50907.**—SUIT 4508.— *United States* v. *Reeve Angel & Co., Inc.* C. D. 906 reversed January 7, 1946. C. A. D. 324.